**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4145-23

R.J., a minor by his Guardian
Ad Litem, PENNYANNE
SIMONS-JACKSON,

      Plaintiff-Respondent,

v.

ALEX R. BROWN-ESKENGREN,

      Defendant-Appellant,

and

JAKE JOSEPH JACOBSON,
N.D., ANTHONY VELTRI,
RICHARD VELTRI, LISA
VELTRI, RAY BROWN,
NICHOLAS DINAPOLI
and JESSICA DINAPOLI,

      Defendants-Respondents.

_____

Argued December 17, 2024 – Decided August 27, 2025

Before Judges Smith and Chase.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1952-22.

Frank J. Caruso argued the cause for appellant (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Frank J. Caruso, of counsel and on the brief).

Jacqueline DeCarlo argued the cause for respondent R.J., a minor (Hobbie & DeCarlo, PC, attorneys; Jacqueline DeCarlo, of counsel and on the brief).

PER CURIAM

Defendant Alex R. Brown-Eskengren appeals two Law Division orders compelling his deposition and compelling him to answer questions regarding his guilty plea allocation. We affirm.

I.

On May 21, 2022, defendant, with two accomplices, attacked minor plaintiff R.J. after a party. Defendant eventually pled guilty to third-degree aggravated assault[1] on the condition that he be admitted to pretrial intervention (PTI). Defendant then gave a factual allocation regarding the attack, testifying that he struck plaintiff.

Plaintiff sued defendant for injuries he suffered during the attack. When plaintiff sought defendant's deposition, the trial court ordered that it be

---

[1] N.J.S.A. 2C:12-1(b)(7).

adjourned until the resolution of defendant's criminal charges. After defendant's plea, he was deposed on May 13, 2024. During the deposition, plaintiff's counsel sought to impeach defendant using his guilty plea allocution. Defense counsel objected on the grounds that defendant's plea allocution was inadmissible. After being contacted by counsel, the trial court ordered that defendant could be cross-examined regarding his plea allocution. Defense counsel then unilaterally cancelled the deposition.

In response, plaintiff sought to compel defendant's deposition. On July 19, 2024, the motion court granted the application and ordered defendant's deposition be taken within forty-five days. In a separate order issued the same day, the court also compelled defendant to answer questions regarding "sworn statement and testimony in the criminal case." The court found that the question of admissibility could be addressed closer to trial, and that neither Rule 4:10-2 nor State v. Lavrik, 472 N.J. Super. 192 (App. Div. 2022) prevented plaintiff from cross-examining defendant regarding his guilty plea allocution at the deposition.

Defendant appeals both orders, contending that the questions related to his guilty plea allocution should be barred.

A-4145-23

II.

"In evaluating the trial court's evidentiary rulings, . . . appellate courts 'generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" State v. Brown, 236 N.J. 497, 521-22 (2019) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)) (internal quotation marks omitted). "The abuse of discretion standard instructs us to 'generously sustain [the trial court's] decision, provided it is supported by credible evidence in the record.'" Ibid. (alteration in original) (quoting Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384 (2010)).

Defendant argues that our decision in Lavrik renders guilty pleas and their corresponding allocutions inadmissible pending the completion of PTI. We are unpersuaded and conclude that defendant's admissibility arguments are premature.

"'New Jersey's discovery rules are to be construed liberally in favor of broad pretrial discovery.'" Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463 (App. Div. 2023) (quoting Payton v. N.J. Tpk. Auth., 148 N.J.

524, 535 (1997)); see also Trenton Renewable Power, LLC, v. Denali Water Sols., LLC, 470 N.J. Super. 218, 227 (App. Div. 2022).  Our court system adheres to the view that "essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts." Lipsky, 474 N.J. Super. at 464 (quoting Jenkins v. Rainner, 69 N.J. 50, 56 (1976)) (internal quotation marks omitted).  "Consequently, to overcome the presumption in favor of discoverability, a party must show 'good cause' for withholding relevant discovery . . . ."  Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 80 (2017).

Rule 4:10-2(a) states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . .
>
> "[(emphasis added).]"

A-4145-23

"Nevertheless, the parties' discovery rights are not unlimited." Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194, 204 (App. Div. 2008). "Under [Rule 4:10-2(a)], relevancy 'is congruent with relevancy pursuant to N.J.R.E. 401, namely, a tendency in reason to prove or disprove any fact of consequence to the determination of the action.'" Davis v. Disability Rights N.J., 475 N.J. Super. 122, 141-42 (App. Div. 2023) (quoting R.L. v. Voytac, 402 N.J. Super. 392, 408 (App. Div. 2008)).

Rule 4:10-3, which governs protective orders, authorizes a court to "make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may provide, among other things, that "discovery may not be had," R. 4:10-3(a), or "[t]hat certain matters not be inquired into, or that the scope of discovery be limited to certain matters," R. 4:10-3(d). "The limiting factors underlying Rule 4:10-3 must be weighed against the presumptively broad scope of discovery authorized in Rule 4:10-2 and other discovery provisions in our Rules of Court." Serrano v. Underground Utils. Corp., 407 N.J. Super. 253, 267 (App. Div. 2009). "Implicit in R[ule] 4:10-3 is the notion that the movant bears the burden of persuading the court that good cause exists for issuing the protective order."

A-4145-23

Kerr v. Able Sanitary & Env't Servs., Inc., 295 N.J. Super. 147, 155 (App. Div. 1996).

Defendant does not contend that his guilty plea allocution is privileged, R. 4:10-2, or would cause "annoyance, embarrassment, oppression, or undue burden or expense," requiring a Rule 4:10-3 protective order.[2]  Instead, defendant simply argues that his allocution is inadmissible at trial.  "The test [under Rule 4:10-2] is limited to whether the evidence is relevant, not admissible."  Marrero v. Feintuch, 418 N.J. Super. 48, 62 (App. Div. 2011).

"In view of the sweeping nature of our discovery rules designed to ensure, with few exceptions, the ability to obtain all relevant facts before trial," Ibid., we conclude that the trial court did not abuse its discretion in compelling defendant's attendance at deposition and permitting cross-examination of him regarding his guilty plea allocution.  As the trial court correctly found, the ultimate question of admissibility is to be determined after the deposition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[2]  "'[A]n issue not briefed is deemed waived.'"  Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 204 n.3 (App. Div. 2023) (first citing Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2023); and then citing Telebright Corp. v. Dir., N.J. Div. of Tax., 424 N.J. Super. 384, 393 (App. Div. 2012)).

A-4145-23